UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW DAVID GLEASON,

        Plaintiff,                               Hon. Janet T. Neff

v.                                                Case No. 1:17-CV-413

PRESIDENT OF THE
UNITED STATES,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on May 5, 2017, against the President of the United States. As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this review, the undersigned recommends that this matter be dismissed for failure to state a claim.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff initiated the present 214-page "Complaint for Mandamus" requesting "the appointment of a title III judge who is poised to provide me and every United States citizen due process." (ECF No. 1 at PageID.1). A review of Plaintiff's pleading reveals that he is seeking relief from various decisions by Michigan courts on a wide range of issues, including divorce and child custody matters as well as other state court actions in which Plaintiff was involved. Plaintiff also makes reference to various other federal court actions.

To the extent Plaintiff requests that this Court issue a writ of mandamus issue to a state court, such claims must be dismissed. *See, e.g., Lee v. Lynch*, 2016 WL 727857 at *2 (6th Cir., Feb. 24, 2016) (recognizing that federal courts have no authority to issue writs of mandamus to state courts or

judicial officers). To the extent that Plaintiff seeks the issuance of a writ of mandamus to a federal court or judicial officer, Plaintiff has failed to make the requisite showing. *See, e.g., In re Professionals Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009) (observing that "a writ of mandamus is an extraordinary remedy" appropriate only in "circumstances amounting to a judicial usurpation of power"). Accordingly, the undersigned recommends that Plaintiff's request for a writ of mandamus be rejected.

Furthermore, to the extent that Plaintiff's pleading is interpreted as asserting claims for other legal relief, the undersigned recommends that such likewise be dismissed on the ground that Plaintiff has failed to allege any facts which, if proven, would entitle him to relief. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court); *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 677-79.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 23, 2017                                                /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge